Floyd Albert **JOHNSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44320.

Court of Criminal Appeals of Texas.

Dec. 14, 1971.

Ben Henderson, Dallas, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for a misdemeanor offense of driving a motor vehicle upon a public road while intoxicated. After a verdict of guilty, the jury assessed the punishment at six months in jail and a $300 fine and recommended that both be probated. The jail term was probated by the court but the appellant was ordered to pay the fine.

The sufficiency of the evidence is not challenged.

The appellant complains, among other things, that the jury recommended probation of the fine, and the court accepted the verdict but ordered the fine paid contrary to the verdict before he would grant probation.

Article 42.13, Vernon's Ann.C.C.P., provides, in part:

"Sec. 3. (a) A defendant who has been found guilty of a misdemeanor wherein the maximum permissible punishment is by confinement in jail or by a fine in excess of $200.00 or by both such fine and imprisonment may be granted probation if:

"(1) he applies by written motion under oath to the court for probation before trial;

"(2) he has not been granted probation nor been under probation under this Act or any other Act in the preceding 5 years;

"(3) he has paid all costs of his trial and so much of any fine imposed as the court directs; and

"(4) the court believes that the ends of justice and the best interests of society and of the defendant will be served by granting him probation.

"(b) If a defendant satisfies all the requirements of Section 3(a) (1), (2),

(3) and (4) of this Article, and the jury hearing his case recommends probation in its verdict, the court must grant the defendant probation. . . ."

At the penalty stage of the trial, the court instructed the jury, in part, as follows:

"You are therefore instructed that if you find the Defendant has never before been convicted in this or another jurisdiction of a felony or of a misdemeanor for which the maximum permissible punishment is by confinement in jail or exceeds a $200 fine, and that he has not been under probation in the preceding five years, then, if you so desire, in your discretion as a jury, you may recommend that the Court probate such sentence as you may assess on the form as provided herein for such verdict as indicated.

"If you find that the Defendant has heretofore been convicted in this or another jurisdiction of a felony or of a misdemeanor for which the maximum permissible punishment is by confinement in jail or exceeds a $200 fine, or that he has been under probation during the past five years, or if you do not desire, as jurors, to recommend to the Court that the sentence be probated, then you will simply assess the punishment as you may determine on the appropriate form as provided herein for such verdict as indicated."

After receiving the charge and during deliberation, the jury sent the court the following note: "If the sentence is probated is the fine also probated?" In reply to this note the following answer was given: "The Court can only instruct to follow the charge as given you in regards to the above question."

The form of verdict with the instructions in parentheses which was furnished to and completed by the jury by filling in the blanks reads as follows:

"(If you desire to recommend probation of the imposition of sentence herein, or

either portion thereof, the form of your verdict will be as follows:)

"We, the Jury, having heretofore found the Defendant guilty of driving a motor vehicle while intoxicated upon a public road and highway in the County of Dallas and State of Texas, as charged in the Information, now assess his punishment for said offense at confinement in the county jail for 6 months and by a fine of $300.00, and we further find that the Defendant has never before been convicted in this or another jurisdiction of a felony or of a misdemeanor for which the maximum permissible punishment is by confinement in jail or exceeds a $200 fine, and he has not been under probation in the preceding five years, and we recommend to the Court that the ——

———————————Jail time and Fine

(You inserting: 'Jail time' OR 'Fine' OR 'Jail time and fine')

assessed against the Defendant in this case be probated."

In the present case the court instructed the jury that they could recommend probation of either portion of the punishment. It authorized them in completing the form of verdict in the instructions to recommend probation for "Jail time and fine." The jury in the note asked if this could be done and the court referred to the charge.

The minimum fine for misdemeanor driving while intoxicated under Article 802, Vernon's Ann.P.C., is $50.00. Here the jury assessed $300.00 after being told and later assured it would be probated. It cannot be said that the appellant suffered no harm.

 When the court accepted the verdict and acted upon it he should have followed its terms. The jurors should not be kept in the dark any more than our decisions now require (if that much). We should not add more blindfolds by instructing them with charges that the jury can grant probation for the part of the punishment assessing a fine when that part of their verdict will not be followed.[1]

The order should be reformed to show that the $300 fine is probated to conform to the verdict.

No case directly in point has been found, but to the extent that any case might be construed to the contrary, it is overruled.[2]

The other matters presented do not show reversible error.

The probation order is reformed to show that the fine is probated. As reformed, the order granting probation is affirmed. If the fine has actually been paid, it is ordered that it be remitted to the appellant.

---

1. Under the provision of Article 42.13, supra, the court would have authority to order the payment of any part of the fine as a condition of probation where a case is tried before the court, or where the jury has not recommended probation under the court's charge. See Opinions of the Attorney General, 1966, Nos. C– 648 and C–652. Actual payment is not required until it is determined that a new trial will not be ordered by the trial or by this Court after a direct appeal.

2. See Brooks v. State, 161 Tex.Cr.R. 73, 275 S.W.2d 500, and the cases there cited.