Neomia LEE, Appellant,

v.

The STATE of Texas, Appellee.

No. 48158.

Court of Criminal Appeals of Texas.

Nov. 13, 1974.

Rehearing Denied Dec. 18, 1974.

Malcolm Dade, on appeal only, Dallas, for appellant.

Henry Wade, Dist. Atty., and Maridell Templeton, Asst. Dist. Atty., Dallas, Jim

D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was charged with a violation of Art. 527, Vernon's Ann.P.C., selling an obscene magazine. The jury found her guilty and the court assessed her punishment at a fine of One Thousand Dollars ($1,000.00) and confinement in jail for six months, the last four of which were probated.

The appeal is based on two grounds of error, neither of which challenges the sufficiency of the evidence. The second ground presents the contention that the obscenity statute, Article 527, V.A.P.C., is unconstitutional as being "vague, overbroad, and does not give to an appellant the required due process wherein it fails to inform an accused of the prescribed and prohibited conduct."

This same contention regarding the constitutionality of Article 527, V.A.P.C., expressed in almost identical language, was overruled by this Court in Burkett v. State, 516 S.W.2d 147 (1974). See also West v. State, 514 S.W.2d 433, Tex.Cr.App.1974, motion for rehearing overruled with opinion October 9, 1974; Soto v. State, 513 S.W.2d 931 (Tex.Cr.App.1974).

The second ground of error is overruled.

In the exercise of our own independent judgment, we have examined the magazine upon which the prosecution is based and agree with the verdict of the jury that the magazine is obscene in fact as well as in law. Burkett v. State, supra; Soto v. State, supra.

In appellant's first ground of error it is contended that:

"The judgment and sentence assessing the appellant's punishment at a fine of $1,000 and confinement for 6 months, the last 4 months to be probated, is an inval-

id punishment not permitted under the laws of the State of Texas."

The thrust of appellant's argument is that the court was without authority to grant probation as to a portion of jail sentence and order confinement as to the remainder. We agree.

■ The court's power to suspend imposition of sentence in a criminal case is not inherent. The power is authorized by Article IV, Section 11A, Vernon's Ann. Texas St. Constitution, under such provisions as the Legislature may prescribe. See Smith v. Blackwell, 500 S.W.2d 97, 101 (Tex.Cr.App.); State v. Klein, 154 Tex. Cr.R. 31, 224 S.W.2d 250.

The statute authorizing probation in misdemeanor cases, 42.13, Vernon's Ann.C.C. P., reads in part as follows:

"Effect of Probation [Section 4(a)]

"When a defendant is granted probation under the terms of this Act, *the finding of guilt does not become final, nor may the court render judgment thereon,* except as provided in Section 6 [Revocation of Probation] of this Article." Art. 42.13, Sec. 4(a), V.A.C.C.P. [Emphasis supplied].

■ No judgment is entered where probation is granted in a misdemeanor. Ex parte Smith, 493 S.W.2d 958 (Tex.Cr. App.1973); Faugh v. State, 481 S.W.2d 412 (Tex.Cr.App.). A judgment is the declaration of the court entered of record, showing that the defendant be punished as has been determined. See Art. 42.01, V. A.C.C.P.

To probate only a portion of the jail term would result in the appellant's incarceration without a judgment.

■ It is clear that whether to grant probation at all is within the sound discretion of the trial court when the motion is presented to the trial court. Jackson v. State, 474 S.W.2d 237 (Tex.Cr.App.1971); Trautschold v. State, 466 S.W.2d 586

(Tex.Cr.App.); Martin v. State, 452 S.W. 2d 481 (Tex.Cr.App.1970) and cases there cited. For the reasons stated above, the trial court's discretion does not extend beyond the power granted in the statute. Where probation is granted in a misdemeanor conviction, authority of the court insofar as confinement in jail is concerned is limited to a suspension of the entire term and not merely a part of it.[1] See Smith v. State, 479 S.W.2d 680 (Tex.Cr. App.), where the Court held that a verdict in a misdemeanor trial assessing a penalty "[of] confinement in jail for 1 year followed by a 12 months probation period" was "void at its inception." See also Milligan v. State, 465 S.W.2d 157 (Tex.Cr. App.). Cf. Vale v. State, 486 S.W.2d 370 (Tex.Cr.App.).

The record reflects that the trial court, following receipt of the jury verdict finding appellant guilty, entered an order assessing punishment at a fine of $1,000.00 and confinement in the county jail for six months, "the last four months probated." This same written order proceeds as follows:

> "It further appearing to the Court that the Defendant is eligible for probation as applied for herein, and that the ends of justice and the best interests of society and of the Defendant himself will be served by granting him probation in this cause,
>
> "IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED, that the finding of guilty herein shall not be a final finding, that no judgment be rendered thereon, and that Defendant be, and he is hereby placed on probation in this cause for a period of six months from this date on the following terms and conditions, to-wit: That he immediately pay all costs herein incurred, and

that during the term of such probation he shall:

> "(1) Commit no offense against the laws of this or any other state or the United States; (2) Avoid injurious or vicious habits; (3) Avoid persons or places of disreputable or harmful character; (4) Report to the probation officer as directed; (5) Permit the probation officer to visit him at his home and elsewhere; (6) Work faithfully at suitable employment as far as possible; (7) Remain within a specified place, to-wit: Dallas County, Texas, and not move therefrom without leave of the Court; notify the Court of any change of address; (8) Pay the fine imposed herein not later than Sept. 27, 1971; and (9) Support his dependents.
>
> "The Clerk of this Court will furnish the Defendant a certified copy of this order, taking his receipt therefor, as a written statement of the period and terms of his probation."

The record reflects that the court fully intended to grant probation, although it attempted to divide the jail sentence so that appellant should spend a part of the time in jail. The record also contains what purports to be a sentence. This "sentence" is a nullity, since where probation is granted in a misdemeanor conviction the court does not render either a judgment or sentence except in the event of a revocation of probation.

When this Court has the necessary data before it for reformation, the order of conviction appealed from may be reformed on appeal. Johnson v. State, 478 S.W.2d 442; Faugh v. State, supra.

The order of the trial court assessing the penalty is reformed to reflect that

---

[1]. See Article 42.13, Section 5(b)(8), V.A.C. C.P., which authorizes the court where it assesses punishment to direct payment of all or any portion of a fine as a condition of probation in misdemeanor cases. Where punishment is assessed by a jury, the court is bound by the verdict. Faugh v. State, 481 S.W.2d 412 (Tex.Cr.App.).

the punishment is assessed at a fine of $1,000.00 to be paid by appellant, and six months in jail, with the jail term to be probated on the terms set forth in the court's order, together with all costs of court incurred in the case.

As reformed, the conviction is affirmed.

Opinion approved by the Court.