Emory Lee COBY, Appellant,

v.

The STATE of Texas, Appellee.

No. 49480.

Court of Criminal Appeals of Texas.

Feb. 19, 1975.

Percy Foreman and Dick DeGuerin, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and L. H. Stewart, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

Appellant was convicted of aggravated assault. His punishment, assessed by the jury, was a $1,000.00 fine, probated, twenty-four (24) months in jail, thirty (30) days to be served and the balance probated. The court entered a judgment and passed sentence in the terms of the verdict.

In Lee v. State, Tex.Cr.App., 516 S.W.2d 151, this Court held that where probation is granted in a misdemeanor conviction, authority of the court insofar as confinement in jail is concerned is limited to the suspension of the entire term and not merely a part of it. Also, where misdemeanor probation is granted, the court, at that time, renders neither judgment nor sentence. Accordingly, the judgment and sentence rendered in this cause were nullities.

However, in Lee v. State, supra, punishment was assessed by the court. In this case the punishment was assessed by a verdict of the jury, and such verdict cannot be reformed by this Court. See Chaney v. State, Tex.Cr.App., 112 S.W.2d 464, on motion for rehearing, and cases cited therein.

The judgment is reversed and the cause remanded.