Joseph Henry **TAYLOR**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 53910.

Court of Criminal Appeals of Texas.

April 6, 1977.

Rehearing Denied May 10, 1977..

---

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

Appellant was convicted by a jury for driving a motor vehicle on a public highway while intoxicated. The jury assessed punishment at confinement in jail for one (1) year and at a fine of $500.00. The jury found appellant eligible for probation under the terms of Article 42.13, Vernon's Ann. C.C.P., and recommended that the fine *only* be probated. The court ordered the fine be probated for a period of eighteen months. Judgment was then entered and sentence pronounced reflecting the jury's verdict and the court's action thereon.

The record is before us without a transcription of the court reporter's notes. No brief was filed in the trial court in appellant's behalf as is required by Article 40.09, § 9, Vernon's Ann.C.C.P. No question of indigency is raised. Nevertheless, in light of the punishment assessed, we shall review whether that penalty and the probation granted were properly handled under Article 42.13, supra, "in the interest of justice." Article 40.09, § 13, Vernon's Ann.C. C.P.

At the penalty stage of the trial the court instructed the jury on the penalty applicable to driving while intoxicated and on the law of misdemeanor probation. Two verdict forms were submitted along with these instructions as follows:

"Verdict Forms

"We, the Jury, having found the Defendant, Joseph H. Taylor, Guilty of the offense of Driving While Intoxicated, now assess his punishment at confinement in the County Jail for a period of _____ and a fine of $_____.

_____
"Foreman of the Jury

"Or

"We, the Jury, having found the Defendant, Joseph H. Taylor, Guilty of the offense of Driving While Intoxicated, now assess his punishment at confinement in the County Jail for a period of _____, and a fine of $_____, and we further find the Defendant has not been granted probation nor been under probation under the Misdemeanor Probation Act of this State, or any other Act, in the preceding five years, and we further find and believe that the ends of justice, and the best interest of society and of the Defendant will be subserved by granting Defendant probation under the Misdemeanor Probation Act of this State. We therefore recommend to the Court that the

_____
('jail time' or 'fine' or 'jail time & fine') assessed against the Defendant in this case, be probated.

_____
"Foreman of the Jury"

During deliberations at the penalty stage of the trial the jury sent the following note to the court:

"Does the jail time and the fine run concurrent. If we asses (sic) jail time but probate the fine, when does the probation on the fine expire?"

The court answered:

"The length of the period of probation is not for consideration by the Jury."

The jury then utilized the second verdict form set out above by assessing punishment at one year in the county jail and at a fine of $500.00. The jury further recommended the "fine" be probated.

Article 42.13, § 3(b), Vernon's Ann.C.C.P., provides:

"(b) If a defendant satisfies all the requirements of Section 3(a)(1), (2), (3) and

(4) of this Article, and the jury hearing his case recommends probation in its verdict, the court must grant the defendant probation. The court may grant the defendant probation regardless of the recommendation of the jury or the prior conviction of the defendant, except for a like offense within the last five years. The court may, however, extend the term of the probationary period to any length of time not exceeding the maximum time of confinement allowed by law. In the event probation is revoked in accordance with Section 6, the judgment of the court shall not prescribe any penalty in excess of that imposed by the jury."

§ 4 of the statute provides:

"(a) When a defendant is granted probation under the terms of this Act, the *finding of guilt does not become final, nor may the court render judgment thereon, except as provided in Section 6 of this Article.* (Emphasis added.)

"(b) The court shall record the fact and date that probation was granted on the docket sheet or in the minutes of the court. The court shall also note the period and terms of the probation, and the details of the judgment. The court's records may not reflect a final conviction, however, unless probation is later revoked in accordance with Section 6 of this Article."

§ 6 of the Act deals with revocation of misdemeanor probation and provides in part:

"(b) On the date the probation is revoked, the finding of guilty becomes final and the court shall render judgment thereon against the defendant. The judgment shall be enforced as in other cases and the time served on probation may not be credited or otherwise considered for any purpose."

§ 7 of the statute provides as follows:

"(a) When the period and terms of a probation have been satisfactorily completed, the court shall, upon its own motion, discharge him from probation and enter an order in the minutes of the court setting aside the finding of guilty and dismissing the accusation or complaint and the information or indictment against the probationer.

"(b) After the case against the probationer is dismissed by the court, his finding of guilty may not be considered *for any purpose* except to determine his entitlement to a future probation under this Act, or any other probation Act."

§ 4 clearly provides that when misdemeanor probation is granted the finding of guilt does not become final and the court is prohibited from rendering judgment thereon except in the subsequent event of revocation. This court has repeatedly held that no judgment should be entered where probation is granted in a misdemeanor case. See *Ex parte Smith,* 493 S.W.2d 958 (Tex.Cr.App.1973); *Lee v. State,* 516 S.W.2d 151 (Tex.Cr.App.1974); *Coby v. State,* 518 S.W.2d 829 (Tex.Cr.App.1975); *McIntosh v. State,* 534 S.W.2d 143 (Tex.Cr.App.1976); *Savant v. State,* 535 S.W.2d 190 (Tex.Cr.App.1976) (footnote # 1).

All of this is reinforced by the provisions of § 6 of Article 42.13, supra, that judgment is not to be entered until the revocation of probation.

In *Lee v. State, supra,* it was written:
". . . The record also contains what purports to be a sentence. This 'sentence' is a nullity, since where probation is granted in a misdemeanor conviction the. court does not render either a judgment or sentence except in the event of a revocation of probation." See also *Coby v. State, supra.*

In *Lee* the jury found the defendant guilty of selling an obscene magazine (Article 527, Vernon's Ann.P.C., 1925), and subsequently the court assessed punishment at a fine of $1,000.00 and confinement in jail for six months, the last four months of which were to be probated. There this court held that where probation is granted in a misdemeanor conviction authority of the court insofar as confinement in jail is concerned is limited to suspension of the entire term and not merely part of it. The "order of trial court assessing the penalty"

was reformed to show the entire six months in jail was to be probated and requiring the payment of the $1,000.00 fine. The payment of the fine was upheld under Article 42.13, § 5(b)(8), Vernon's Ann.C.C.P., which authorizes the court where it assesses punishment to direct payment of all or any portion of a fine as a condition of probation. *Lee v. State, supra* (footnote # 1).[1]

In *Coby v. State, supra,* the defendant was convicted of aggravated assault. His punishment, assessed by the jury, was a $1,000.00 fine, probated, and twenty-four (24) months in jail, thirty days to be served and the balance probated. *Lee* was cited with approval as to the limitation on the authority of the court to suspend the entire jail term and not merely part of it. In *Lee* the punishment was assessed by the court and could be reformed by this court, but in *Coby* the punishment was assessed by the jury and the verdict could not be reformed. The cause was reversed and remanded.

Unlike the *Lee* and *Coby* cases, there was no attempt to probate part of the jail time in the instant case. The trial court instructed the jury at the penalty stage of the bifurcated trial that they must assess both a fine and jail time.[2] It also instructed the jury on the law of misdemeanor probation. By the verdict forms attached to the court's charge, the court authorized the jury to assess jail time and probate the fine, assess a fine and probate the jail time or probate both the fine and jail time. The jury assessed jail time and recommended probation as to the fine assessed. The court accepted such verdict and entered judgment and sentence as to the jail time.

In authorizing the jury to probate either the fine or the jail time and to exact from the appellant that portion of the penalty not probated, the court fell into error. Article 42.13, *supra,* does not contemplate such procedure. The jury may recommend probation or not, but if it recommends probation then the penalty assessed, whether fine, jail time or both a fine and jail time, must be probated.[3] The statute expressly provides that where misdemeanor probation is granted no judgment is to be entered and the finding of guilt is not to become final except upon revocation. And this court has held that judgments and sentences entered in misdemeanor cases prior to revocation are nullities. *Lee v. State, supra; Coby v. State, supra.* The statute did not intend that a judgment and sentence disposing of a part of the penalty assessed be entered and the remaining penalty be probated. If this was not so then upon successful completion of probation the accusation, complaint, information or indictment would be dismissed and the finding of guilty may not be considered for any purpose except to determine his future eligibility for probation, see § 7 of Article 42.13, *supra,* yet there would still be outstanding judgment and sentence as to part of the penalty assessed which was exacted from the defendant. This is not what Article 42.13, *supra,* intended.

---

1. No question of the court's authority to direct payment of all or any portion of the fine assessed as a condition of probation would arise where the case is tried before the court or where the jury does not recommend probation and the court grants probation. However, in *Johnson v. State,* 473 S.W.2d 939 (Tex.Cr.App. 1971), involving a misdemeanor driving while intoxicated case, it was held that the jury should not be instructed that they can grant probation as to any fine assessed when that part of their verdict will not be followed by the court exercising its authority to require the payment of all or a part of the fine as a condition of probation. See also *Faugh v. State,* 481 S.W.2d 412 (Tex.Cr.App.1972); *Oliva v. State,* 500 S.W.2d 144 (Tex.Cr.App.1973). Cf. *Shappley v. State,* 520 S.W.2d 766 (Tex.Cr.App.1975).

2. See Article 6701*l*–1, Vernon's Ann.C.S. (formerly Article 802, Vernon's Ann.P.C.), which provides that any person convicted of driving while intoxicated shall be punished by confinement in the county jail for not less than three (3) days nor more than two (2) years, and by a fine of not less than fifty dollars nor more than five hundred ($500.00) dollars.

3. If the jury in the instant case had recommended probation as to both the fine and jail time, and the court had followed § 4 of the Article 42.13, *supra,* no question would have been presented.

The court having misled the jury as to their authority regarding probation and the verdict not now being reformable, *Coby v. State, supra,* the judgment is reversed and the cause remanded.

DOUGLAS and ODOM, JJ., dissent.