**E. L. FRANKLIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53310**

Court of Criminal Appeals of Texas, En Banc.

Dec. 20, 1978.

Rehearing En Banc Denied Feb. 21, 1979.

Melvin Gray, San Angelo, for appellant.

George R. Killam, Jr., County Atty., Snyder, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for the misdemeanor offense of driving a motor vehicle upon a public highway while intoxicated. The jury assessed punishment at three days in the county jail and at a fine of $100. The jury recommended that the jail time be probated. The court thus placed the appellant on misdemeanor probation for six months and ordered the fine paid by March 1, 1976 as a condition of probation.

The question that immediately arises is whether the jury is permitted to recommend misdemeanor probation as to the jail time but not as to the fine. The court's charge at the penalty stage of the trial correctly instructed as to the penalty for driving while intoxicated, and did not authorize the jury to recommend probation as to one type of penalty and not the other, but the printed verdict form with appropri-

ate blanks did appear to authorize the jury to recommend probation as to one type of penalty and not as to the other. The verdict returned was as follows:

"We, the Jury, having heretofore found the Defendant guilty of driving and operating a motor vehicle upon a public highway while under the influence of intoxicating liquor in the County of Scurry and State of Texas, as charged in the information, now assess his punishment for said offense at confinement in the county jail for <u>three (3) days</u> and by a fine of <u>$100.00</u>, and we further find that the Defendant has not been under probation in the preceding five years, and we recommend to the court that the

<u>Jail time</u>

(You inserting 'Jail time' OR 'Fine' OR 'Jail time and fine')

assessed against the defendant in this case be probated.

<u>"/s/ Leslie O. Albin</u>
Foreman of the Jury"

Only recently we were confronted with the same question here and the same type of verdict form as used in the instant case in *Taylor v. State*, 549 S.W.2d 722 (Tex.Cr. App.1977). After reviewing Article 42.13, V.A.C.C.P., and prior decisions, the court wrote:

"In authorizing the jury to probate either the fine or the jail time and to exact from the appellant that portion of the penalty not probated, the court fell into error. Article 42.13, supra, does not contemplate such procedure. The jury may recommend probation or not, but if it recommends probation then the penalty assessed, whether fine, jail time or both a fine and jail time, must be probated. The statute expressly provides that where misdemeanor probation is granted no judgment is to be entered and the finding of guilt is not to become final except upon revocation. And this court has held that judgments and sentences entered in misdemeanor cases prior to revocation are nullities. *Lee v. State*, supra;[1] *Coby v. State*, supra.[2] The statute did not intend that a judgment and sentence disposing of a part of the penalty assessed be entered and the remaining penalty be probated. If this was not so then upon successful completion of probation the accusation, complaint, information or indictment would be dismissed and the finding of guilty may not be considered for any purpose except to determine his future eligibility for probation, see Section 7 of Article 42.13, supra, yet there would still be outstanding judgment and sentence as to part of the penalty assessed which was exacted from the defendant. This is not what Article 42.-13, supra, intended."

The dissent would overrule *Taylor* and other recent cases interpreting Article 42.-13, supra, and would hold that where the court instructs a jury in a misdemeanor case it has the authority to order payment of all or part of any fine assessed by the jury as a condition of probation, the jury in its role of assessing punishment may probate any jail time assessed but not any part of the fine assessed. And this would be true even though the jury was impaneled for the very purpose of assessing the punishment and passing upon the issue of probation.[3]

Where would such a ruling as urged by the dissent lead us?

Under the circumstances of a case where only a fine is assessed and probation is recommended by the jury but the jury was instructed as to the court's authority to require payment of all or a part of a fine, then the jury's verdict may be altered and in effect set aside by the trial judge because the defendant could be required to pay all or a part of the fine imposed prior to the carrying out of the recommendation of the jury as to probation. The trial judge would

---

1. *Lee v. State*, 516 S.W.2d 151 (Tex.Cr.App. 1974).

2. *Coby v. State*, 518 S.W.2d 829 (Tex.Cr.App. 1975).

3. The dissent recognizes that there were no jury instructions as to the court's authority in the instant case, but would hold such failure to instruct to be harmless error.

have the same power to alter the jury's verdict, to a lesser degree, where the fine is only a part of the punishment assessed.

If a jury concludes that a fine with a recommendation of probation is the appropriate punishment in a case, they may well assess jail time instead to prevent their recommendation of probation from being circumvented. This is so because if the full punishment assessed is a fine and that is exacted in full as a prerequisite to probation, is not the jury's recommendation rendered meaningless? And under such circumstances, would not the subsequent requirement after paying the fine in full of being subject to the conditions of probation be a more severe penalty than that imposed by the jury? If, under these circumstances, probation is later revoked, what penalty would then be required of the defendant considering the provisions of Article 42.13, § 3(b), supra?

It should also be remembered that where probation is granted pursuant to Article 42.13, supra, no judgment is even entered. If an assessed fine or part thereof is collectable under the circumstances described, the punishment assessed, or a part thereof, is exacted without a judgment or sentence being entered and without the conviction being final. Cf. Article 42.15, V.A.C.C.P., as amended 1971.

Suppose the full fine, which is the only punishment, is exacted and the defendant is placed on probation and satisfactorily completes probation. What happens then? Is the fine collected without benefit of judgment or sentence remitted to the defendant?

Article 42.13, § 7, V.A.C.C.P., reads:

"(a) When the period and terms of a probation have been satisfactorily completed, the court shall, upon its own motion, discharge him from probation and enter an order in the minutes of the court setting aside the finding of guilty and dismissing the accusation or complaint and the information or indictment against the probationer.

"(b) After the case against the probationer is dismissed by the court, his find-

ing of guilty may not be considered *for any purpose* except to determine his entitlement to a future probation under this Act, or any other probation Act." (Emphasis supplied.)

Surely, in addition to all these problems, the Legislature did not intend to authorize a trial judge to circumvent and usurp a jury's verdict at his own whim or to exact punishment before the conviction is final. This would be an absurdity.

■ The guarantee of the right to trial by jury contained in the Sixth Amendment, United States Constitution, is made applicable to the states by virtue of the Fourteenth Amendment. *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).

■ Article I, § 10 of the State Constitution, provides that in all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. Since this constitutional provision applies to all criminal prosecutions, the defendant in a misdemeanor case has the same right of trial by jury as in felony cases. 35 Tex.Jur.2d, Jury, § 12, p. 49.

Article I, § 15 of the State Constitution, also provides:

"The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency. . . ."

■ In response thereto the Legislature has from time to time enacted laws pertaining to trial by jury. While the federal and state constitutional right to trial by jury does not include the right to have the jury assess punishment, the Texas Legislature, pursuant to Article I, § 15 of the State Constitution, has enacted Article 37.07, V.A.C.C.P., which authorizes a defendant to request a jury to pass on punishment and the issue of probation.

In the concurring opinion in *Faugh v. State*, 481 S.W.2d 412 (Tex.Cr.App.1972), it was written at p. 416:

"In 57 Tex.Jur.2d Trial § 393, p. 28, it is written:

'A jury in criminal proceedings must assess in their verdict the punishment intended to be imposed on the defendant, where it is not otherwise fixed by law. Under these circumstances assessment of punishment is exclusively within the province of the jury . . .'

"At least, prior to the enactment of Article 42.13, supra (the Misdemeanor Probation Law), it was fundamental that a trial judge did not have authority to receive a jury's verdict and then refuse to abide by it. *Hardy v. State,* 159 Tex. Cr.R. 54, 261 S.W.2d 172 (Tex.Cr.App. 1953), and cases there cited.

"In *Champion v. State,* 113 Tex.Cr.R. 172, 19 S.W.2d 63, 65 (Tex.Cr.App.1929), this court said:

'. . . The proposition that the court cannot receive a verdict, discharge the jury, and thereafter change the verdict in any material part, has been often affirmed by this court, and is in accord with its uniform holdings. . . .'

"And similar to the instant case, it has been held that the trial court may not receive a verdict and give effect to part of it and ignore some other part and enter another and different judgment from that called for by the jury's verdict. *Combes v. State,* 162 Tex.Cr.App. 482, 286 S.W.2d 949 (1956); *King v. State,* 135 Tex.Cr.R. 71, 117 S.W.2d 800 (Tex.Cr. App.1938). Nor may the court receive the verdict and go beyond it in enlarging the judgment thereon, since the judgment must follow the verdict. See, *Cagle v. State,* 147 Tex.Cr.R. 140, 179 S.W.2d 545 (Tex.Cr.App.1944). Also, *Baker v. State,* 70 Tex.Cr.R. 618, 158 S.W. 998 (Tex.Cr.App.1913); *Luttrell v. State,* 116 Tex.Cr.R. 277, 31 S.W.2d 818 (Tex.Cr. App.1930). The variance is material where it appears that the judgment imposes a more severe penalty than that assessed by the verdict. *Rivers v. State,* 10 Tex.App. 177 (Ct. of App. 1881).

"*Castro v. State,* 118 Tex.Cr.R. 53, 42 S.W.2d 779 (Tex.Cr.App.1931), held void the court's action in disregarding (upon the State's motion) the recommendation of the jury that the sentence be suspended. There the court held such action violates the

'. . . fundamental principle that the judge presiding over a trial has no right and no power to change a verdict rendered by the jury unless with their consent and before their discharge. The right of the accused, under such circumstances, to have the judgment follow the verdict, if formal and agreeable to the issues submitted, is absolute. The impotency of the trial court or the judge presiding, at the instance of the state, to nullify a verdict, responsive to the evidence and issues, which accords the accused the suspended sentence is supported, it is thought, by the cases mentioned above and by the principles governing the decision of this court in the case of *Snodgrass v. State,* 67 Tex.Cr.R. 615, 150 S.W. 162, 41 L.R.A. (N.S.) 1144, in which the original suspended sentence law conferring upon the trial judge authority inconsistent with the finality of a verdict of the jury was denounced. . . .' 42 S.W.2d at 781."

If Article 42.13, supra, can be interpreted as permitting the court to require the payment of all or a part of the fine assessed in order to obtain the benefit of the jury's recommendation as to probation, then serious questions of due process and due course of the law of the land, Article I, § 19, Texas Constitution, are raised. The dissent's argument is not persuasive.[4]

For the reasons stated in *Taylor v. State,* supra, the judgment is reversed and the cause is remanded.

DALLY, Judge, concurring.

Both the majority and dissenting opinions attempt to deal in an indirect manner with

---

**4.** Article 42.13, V.A.C.C.P., is not and has never been a well drafted statute. Hopefully someday the Legislature will see fit to have one statute dealing with both felony and misdemeanor cases where the rules and procedure can be as similar as possible.

Art. 42.13, Sec. 3, V.A.C.C.P., the provisions of which cannot be satisfactorily reconciled.[1]

Sec. 3(b) provides that if a jury recommends probation, the court must grant the defendant probation; yet the same sentence provides that a defendant must first meet the requirements of Sec. 3(a)(4) that the court believe the ends of justice and the best interest of society and of the defendant will be served by granting the defendant probation. This permits the court to override the jury's recommendation to grant probation in any case in which the court feels the best interest of society and the defendant will not be served by granting probation. Also, it appears that even when a jury recommends probation of a fine, the recommendation is not binding on the court because Sec. 3(a)(3) permits the court to override a jury recommendation to probate the fine.

It is obvious to me that the legislature intended that a court be bound by a jury's recommendation to grant misdemeanor probation and intended that the jury could recommend probation of either a fine or imprisonment, or both. Therefore, since the provisions of the statute are in conflict, I would reconcile that conflict by holding that if a defendant satisfies the requirements of Sec. 3(a)(1) and (2), and the jury hearing the defendant's case recommends probation, the court must grant probation and that the trial court cannot override the jury's recommendation in any way, such as assessing a fine as a condition of probation. If this is not what the legislature intended, it can make its intention clear in its next session.

I concur in the result reached by the majority.

ROBERTS and W. C. DAVIS, JJ., join in this opinion.

DOUGLAS, Judge, dissenting.

The question presented is whether the jury is permitted to recommend misdemeanor probation as to one type of penalty and not as to the other under Article 42.13, V.A.C.C.P.

At the penalty stage of the trial the court correctly instructed the jury on the penalty applicable to driving while intoxicated and on the law of misdemeanor probation. The verdict form submitted to the jury and the verdict are as follows:

"We, the Jury, having heretofore found the Defendant guilty of driving and operating a motor vehicle upon a public highway while under the influence of intoxicating liquor in the County of Scurry and State of Texas, as charged in the information, now assess his punishment for said offense at confinement in the county jail for three (3) days and by a fine of $100.00 and we further find that the De-

---

1. Art. 42.13, Sec. 3(a) and (b), V.A.C.C.P., reads as follows:

"(a) A defendant who has been found guilty of a misdemeanor wherein the maximum permissible punishment is by confinement in jail or by a fine in excess of $200.00 or by both such fine and imprisonment may be granted probation if:

"(1) he applied by written motion under oath to the court for probation before trial;

"(2) he has not been granted probation nor been under probation under this Act or any other Act in the preceding 5 years; provided that the court may grant probation regardless of the prior probation of the defendant, except for a like offense within the last 5 years;

"(3) he has paid all costs of his trial and so much of any fine imposed as the court directs; and

"(4) the court believes that the ends of justice and the best interests of society and of the defendants will be served by granting him probation.

"(b) If a defendant satisfies all the requirements of Section 3(a)(1), (2), (3) and (4) of this Article, and the jury hearing his case recommends probation in its verdict, the court must grant the defendant probation. The court may grant the defendant probation regardless of the recommendation of the jury or the prior conviction of the defendant, except for a like offense within the last five years. The court may, however, extend the term of the probationary period to any length of time not exceeding the maximum time of confinement allowed by law. In the event the probation is revoked in accordance with Section 6, the judgment of the court shall not prescribe any penalty in excess of that imposed by the jury."

fendant has not been under probation in the preceding five years, and we recommend to the court that the ___ Jail Time (You inserting 'Jail time' OR 'Fine' OR 'Jail time and fine') assessed against the defendant in this case be probated.

/s/ Leslie O. Albin
Foreman of the Jury"

Article 42.12, Section 3a, V.A.C.C.P., as amended, dealing with felony probation, provides in part:

". . . When the jury recommends probation, it may also assess a fine applicable to the offense for which the defendant was convicted. . . ."

No such provision is contained in Article 42.13, supra, which governs misdemeanor probation. This article provides, in part:

"Sec. 3(a) A defendant who has been found guilty of a misdemeanor wherein the maximum permissible punishment is by confinement in jail or by a fine in excess of $200.00 or by both such fine and imprisonment may be granted probation if:

"(1) he applies by written motion under oath to the court for probation before trial;

"(2) he has not been granted probation nor been under probation under this Act or any other Act in the preceding 5 years; provided that the court may grant probation regardless of the prior probation of the defendant, except for a like offense within the last 5 years;

"(3) *he has paid all costs of his trial and so much of any fine imposed as the court directs;* and

"(4) the court believes that the ends of justice and the best interests of society and of the defendant will be served by granting him probation.

"(b) If a defendant satisfies all the requirements of Section 3(a)(1), (2), (3) and (4) of this Article, and the jury hearing his case recommends probation in its verdict, the court must grant the defendant probation. . . .

" * * *

"Sec. 5(a) The period and terms of probation shall be determined by the court

granting it. Except as provided in Subsection (d) of this section, a probationer is under the supervision of the court granting him probation.

"(b) The period and terms of probation shall be designed to prevent recidivism and promote rehabilitation of the probationer. The terms must include, but are not limited to, the requirement that a probationer:

" * * *

"(8) *pay his fine, if the court so orders and, if one be assessed, in one or several sums,* and make restitution in any sum that the court shall determine not to exceed One Thousand Dollars ($1,000): . . ." (Emphasis Supplied).

Heretofore our interpretation of these provisions in relation to the question presented in the instant case has been somewhat confusing and of little value to the trial courts. *Johnson v. State,* 473 S.W.2d 939 (Tex.Cr.App.1971), involved a misdemeanor conviction for driving while intoxicated. The jury in that case was instructed that they could probate either the jail time or the fine. But the court authorized them in completing the verdict form in the instructions to recommend probation for "Jail time and Fine." After receiving the charge the jury sent the court a note in which it inquired: "If the sentence is probated is the fine also probated?" The court responded by referring them back to the charge.

The jury then assessed the punishment at six months in jail and a $300 fine and recommended that both be probated. The court probated the jail term but ordered defendant to pay the fine.

On appeal, we held that when the court accepted the verdict and acted upon it he should have followed its terms. We reasoned that the jury "should not be kept in the dark any more than our decisions now require . . .. [W]e should not add more blindfolds by instructing them with charges that the jury can grant probation for the part of the punishment assessing a

fine when that part of their verdict will not be followed (footnote omitted)." 473 S.W.2d at 941.

We did *not* hold in *Johnson* that the trial court cannot require payment of a fine when the jury recommends probation. That case turned on the point that the court will be estopped, in effect, from failing to follow the jury recommendation of probation where they are misled by the court into believing that any fine assessed by them will be probated.

In *Faugh v. State*, 481 S.W.2d 412 (Tex. Cr.App.1972), the conviction was for unlawful possession of a dangerous drug. During the deliberations at the punishment stage of the trial, the jury asked the court whether defendant would have to pay a fine in a lump sum. Apparently the court did not respond. The jury then assessed the punishment at a fine of $1,250 and recommended probation. The court ordered that defendant pay $500 of the fine as a condition of probation and probated the remainder.

Defendant contended on appeal that the trial court erred in ordering that a portion of the fine be paid. In reliance on *Johnson v. State*, supra, we agreed and reformed the judgment to show that the entire fine was probated.

In his concurring opinion in *Faugh*, Presiding Judge Onion observed that the majority opinion and the opinion in *Johnson* had inferred, without so holding, that if the jury knew what action the court contemplated as to the requirement of the payment of all or part of the fine as a condition of probation no error would be presented. He expressed the view that where the jury has the right to recommend probation under Article 42.13, supra, such recommendation is mandatory and binding upon the trial court.

The express language of the statute is contrary to that reasoning. Article 42.13, Section 3(b), provides that a jury's recommendation of probation is binding upon the court only if defendant has satisfied all of the requirements of Section 3(a). Among those requirements are that defendant has

paid all costs of his trial and *so much of any fine imposed as the court directs.* Section 3(a)(3), supra. The court may order that all or part of such a fine be paid as a condition of probation. Section 5(b)(8), supra.

The statute imposes the conditions of probation set forth in Section 5(b). It follows that where the court instructs the jury of his authority to require payment of all or part of any fine as a probationary condition, they are authorized to probate the jail time but the probation is not binding on the court when proper instructions have been given. Where the court misleads the jury as to his authority in this regard, as occurred in *Johnson*, the jury's recommendation of probation of the fine is binding upon the court for the reasons stated in that case. But where the court properly instructs the jury as to his authority to order payment and the jury recommends probation of the fine, such recommendation is advisory only upon the court.

Article 42.13 provides the court with no authority to order defendant to serve any of the jail time as a condition of probation. Thus, the jury's recommendation of probation as to the jail time is always binding upon the court.

In Judge Onion's concurring opinion in *Faugh*, he expressed concern that permitting the court to order payment of the fine as a condition of probation even though the jury recommended probation of the fine would violate defendant's constitutional right to a jury trial. He reasoned that defendant is entitled to have his punishment assessed by the jury in a misdemeanor case whether the plea be "guilty" or "not guilty."

That argument is contrary to the rule that the constitutional right to trial by jury does not encompass the right to have the jury assess punishment. *Emerson v. State*, 476 S.W.2d 686 (Tex.Cr.App.1972); *Martin v. State*, 452 S.W.2d 481 (Tex.Cr.App.1970).

When a defendant asks for probation, he seeks to come under the provisions of the statute which provide that the judge may require, upon conviction, the payment of

the fine and costs. Where the court instructs the jury in a misdemeanor case that he has the authority to order payment of all or part of any fine assessed as a condition of probation, we should hold that the jury is authorized to probate jail time and the fine, but the recommendation as to probation of the fine is advisory only.

*Taylor v. State*, 549 S.W.2d 722 (Tex.Cr.App.1977), involved a misdemeanor conviction for driving while intoxicated. In *Taylor*, we held that the trial court erred in authorizing the jury to probate either the fine or the jail time and to exact from defendant that portion of the penalty not probated. We stated that the jury "may recommend probation or not, but if it recommends probation then the penalty assessed, whether fine, or jail time or both a fine and jail time, must be probated. . ." 549 S.W.2d at 724.

*Taylor, Oliva v. State*, 500 S.W.2d 144 (Tex.Cr.App.1973); *Shappley v. State*, 520 S.W.2d 766 (Tex.Cr.App.1974), and *Batten v. State*, 549 S.W.2d 718 (Tex.Cr.App.1977), should be overruled to the extent they are contrary to Article 42.13, V.A.C.C.P.

Applying these principles to the instant case, the court's instructions to the jury contain no reference to his authority to order payment of any fine assessed. However, the error in failing to give such an instruction was harmless under these circumstances. This Court should hold that since the jury did not recommend probation of the $100 fine, the court could have ordered it to be paid as a condition of probation in any event. See Article 42.13, Sections 3(a)(3) and 5(b)(8), supra.

The jury verdict does not always have to be followed in felony cases. Under Article 42.12, Section 3, V.A.C.C.P., if a jury denies probation, a judge may grant probation. He is not bound to follow the verdict in felony cases, and under Article 42.13, supra, he is not bound to probate the fine when the verdict is silent as to probation.

The record reflects that appellant was placed on probation on February 2, 1976, at which time he filed a written notice of appeal. The court ordered that the fine be paid on or before March 1, 1976. Appellant paid his fine and costs on February 27, 1976. The appeal is not moot. See *Cody v. State*, 548 S.W.2d 401 (Tex.Cr.App.1977).

We should follow the statutes as written and not be controlled by what individual judges are accustomed to or what each thinks the law ought to be.

No reversible error having been shown, the judgment should be affirmed.

ODOM and VOLLERS, JJ., join in this dissent.