

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-10-00039-CR

DANNY DALE POSEY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Danny Dale Posey appeals his conviction and sentence for driving while intoxicated (DWI). We reverse and remand for a new punishment hearing.

Appellant pled guilty to an information charging him with class B misdemeanor DWI, and he pled "not true" to an alleged prior DWI conviction that,

---

[1]*See* Tex. R. App. P. 47.4.

if proved, raised the offense level to class A. *See* Tex. Penal Code Ann. § 49.04(a) (Vernon 2003), § 49.09(a) (Vernon Supp. 2010).

At his bench trial, Appellant objected to State's Exhibit 2, which the State offered to prove the prior conviction. He argued that State's Exhibit 2 was not relevant because it did not link him to the conviction the State had alleged and that there was no evidence it represented a final conviction. State's Exhibit 2 is two pages of certified copies of records from the Bell County Sheriff's Department. The first page is a fingerprint card, and the second is a form containing typed identification information related to a DWI offense. The trial court admitted State's Exhibit 2 over Appellant's objections.

After closing arguments, the trial court found Appellant guilty, found the State's enhancement allegation true, and sentenced Appellant to 365 days' confinement—the maximum for a class A misdemeanor.

In three related points, Appellant contends that the trial court committed reversible error by (1) admitting State's Exhibit 2, (2) finding the enhancement allegation true, and (3) finding that State's Exhibit 2 is evidence of a valid conviction for purposes of enhancement. Because Appellant's third point is dispositive, we need not address the other two.

**Validity of the Conviction Alleged for Enhancement**

In Appellant's third point he contends that the prior conviction alleged by the State was invalid for enhancement purposes.

Normally, DWI is a class B misdemeanor. Tex. Penal Code Ann. § 49.04(b) (Vernon 2003). Under section 49.09(a), however, a DWI may be enhanced to a class A misdemeanor if it is shown on the trial of the offense that the person has previously been convicted one time of an "offense relating to the operating of a motor vehicle while intoxicated." Tex. Penal Code Ann. § 49.09(a) (Vernon Supp. 2010). Subsection (c)(1)(D) defines "offense related to the operating of a motor vehicle while intoxicated" as "an offense under Article 6701l–2, Revised Statutes, as that law existed before January 1, 1984." *Id.* (c)(1)(D). The alleged prior offense was in 1976. Article 6701l was the DWI statute in effect at the time.

Appellant argues that the evidence offered by the State to enhance his offense to a class A misdemeanor did not show a final, valid conviction for enhancement purposes because under the law at the time Appellant was placed on probation, a misdemeanor probationer's conviction was not final—and therefore valid for enhancement purposes—unless that probation was revoked.

The State concedes that, "until 1979, if a jury or the court determined that a misdemeanor defendant should be placed on probation, the finding of guilt would not become final and no judgment would be rendered unless the probation was revoked." *See Taylor v. State*, 549 S.W.2d 722, 724 (Tex. Crim. App. 1977) (holding that under former article governing misdemeanor probation, after a trial court grants probation, a finding of guilt does not become final and a trial court may not render judgment unless the probation is revoked); *Ex parte Smith*, 493

3

S.W.2d 958, 959 (Tex. Crim. App. 1973) (noting that under former statute governing misdemeanor probation, no judgment is entered where probation is granted in a misdemeanor case). Here, there is no judgment in evidence to show that Appellant's 1976 DWI conviction had become final nor is there any evidence that Appellant's probation for that offense was ever revoked. Thus, there is no evidence in the record that Appellant's conviction for the 1976 DWI was final. Accordingly, we hold that under the law that existed before January 1, 1984, Appellant's 1976 probation for DWI is invalid for enhancement purposes. *See Taylor*, 549 S.W.2d at 725 (noting that the court had previously held that judgments and sentences entered in misdemeanor cases prior to revocation were nullities); *Nixon v. State*, 153 S.W.3d 550, 552 (Tex. App.—Amarillo 2004, pet. ref'd); *cf. Gonzales v. State*, 309 S.W.3d 48, 52 (Tex. Crim. App. 2010) (analyzing a 1987 judgment under law that a conviction for an offense occurring on or after January 1, 1984, is final whether or not probated); *Ex parte Serrato*, 3 S.W.3d 41, 43 (Tex. Crim. App. 1999) (concluding that, "by incorporating the prior DWI statute, as that law existed before enactment of the new statute, the Legislature declared its intent to continue the status quo, which included permitting probated DWI convictions for enhancement if the offense occurred *after January 1, 1984*." (emphasis added)).

But for the enhancement with an invalid prior conviction, Appellant would have been subjected to the range of punishment only for a class B misdemeanor. Because he was sentenced to the maximum for a class A misdemeanor, he was

4

harmed by the trial court's error. We sustain Appellant's third point, reverse the judgment, and remand the case to the trial court for a new punishment hearing consistent with this opinion.

LEE GABRIEL
JUSTICE

PANEL: McCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 23, 2010