

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-14-00017-CV

_____

IN RE:  HUNT COUNTY COMMUNITY SUPERVISION
AND CORRECTIONS DEPARTMENT

_____

Original Mandamus Proceeding

_____

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

After the 196th Judicial District Court of Hunt County, Texas, entered orders in a number of cases waiving a monthly fee that had previously been assessed as a condition of community supervision by that same court, the Hunt County Community Supervision and Corrections Department (the Department) filed motions in each of the affected cases seeking vacation of the waiver orders. After unsuccessfully seeking hearings and/or rulings on its motions to vacate, the Department then filed this petition for a writ mandamus alleging that the district court abused its discretion in waiving the monthly fees and asking this Court to compel the district court to vacate its waiver orders.[1] We conditionally grant the writ of mandamus.

## I.     Facts

On February 22, 2013, Judge Stephen Tittle, in his capacity as the judge of the 196th Judicial District Court, entered orders to appear in approximately twenty-eight cases involving defendants actively on community supervision. The appearance orders were identical except that each ordered a different defendant to appear at the specified time and location. Each order also mandated that Jim McKenzie, the director of the Department, appear at the appointed time and place. The order read, "The Court ORDERS the following individuals to appear on March 20, 2013[,] at 9:00 a.m. in the 196th Judicial District Courtroom at the Hunt County Courthouse, 3rd

---

[1]As an alternative form of relief, the Department asks that we compel the trial court to conduct hearings on the motions to vacate filed by the Department in each of the cases at issue. Since the filing of Relator's petition, the trial court has summarily denied all of the Department's motions to vacate, rendering this alternative form of relief inapposite.

Floor, Greenville, Texas, at a mandatory review of the probationer's[2] case as required by Texas Code of Criminal Procedure Art. 42.12 §20." On March 20, 2013, at approximately 12:00 p.m., the trial court went on the record and, after determining who was present in the courtroom, stated,

> Unfortunately, Mr. Jim McKenzie, who was ordered to come up to court this morning at 9 o'clock, who didn't call or otherwise notify the Court that he would not be here, has not appeared; and what that is doing, it's noon now, has inconvenienced all of you for three hours today. And I appreciate that most of you are probably working and I certainly don't want you to have financial difficulties because you did exactly what I asked you to do, which was to show up.
>
> So I certainly believe that you all have a benefit that should be bestowed upon you for showing up, regardless of whether you are in compliance or not in compliance. I do appreciate that. It is sad the fact that the probation director doesn't do what he's ordered to do. However, you do.
>
> So each of you, I expect, has a 60-dollar probation fee that you are required to pay each month. All those are waived for anyone who was here at the reviews, first of all.
>
> . . . .
>
> So that your interests are protected, the Court is going to appoint Mr. Lu Merren who is in court this morning to represent all of you on your review.
>
> You are not required to pay the $100 per hour for his fee. However, he can bill that for each and every case.

---

[2]In 1993, the Legislature removed the term "probation" from the Texas Code of Criminal Procedure and replaced it with "community supervision." However, the term "probation" remains in the Texas Constitution and is still used with great frequency in court opinions and legal filings, as well as every day conversation. While we endeavor to utilize the Legislature's preferred terminology—community supervision—some of the material from which we quote or to which we cite utilizes the term "probation." In such circumstances, the terms refer to the same process. *See Ivey v. State*, 277 S.W.3d 43, 51 n.48 (Tex. Crim. App. 2009).

The trial court later entered written orders in at least sixteen of the cases that were called on March 20, effectuating the fee waivers that had been orally granted in open court. On December 13, 2013, the Department filed motions in those sixteen cases asking the trial court to vacate the fee waiver orders.[3] Of those sixteen cases/orders, only fourteen are at issue in this proceeding. The Department alleges that the trial court abused its discretion in waiving the fees.

## II. Mandamus Relief

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion when it reaches a decision "so arbitrary and unreasonable it amounts to a clear and prejudicial error of law or it clearly fails to correctly analyze or apply the law." *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker*, 827 S.W.2d at 840.

## III. Standing

Judge Tittle has questioned whether the Department has standing to seek the relief sought in its petition. A party seeking mandamus relief must have "some interest peculiar to the [party] individually and not as a member of the general public." *Hunt v. Bass*, 664 S.W.2d 323, 324

---

[3]In an affidavit filed in support of the Department's motions to vacate the orders of March 20, 2013 (the McKenzie Affidavit), McKenzie avers that the 196th Judicial District Court has inappropriately waived supervision fees in a total of eighty-two cases.

4

(Tex. 1984) (citations omitted). To support the position that it has standing, the Department points to the McKenzie Affidavit, which states, "Approximately seventy (70%) percent of the Department's funding is generated through the $60.00 monthly probation supervision fees which are ordered by the courts to be paid by persons placed on probation pursuant to Section 19 of Article 42.12 of the Texas Code of Criminal Procedure." The McKenzie Affidavit further avers that, as of February 27, 2014, the waiver of fees in the fourteen cases that are the subject of this proceeding had already resulted in the loss of $9,240.00 in income to the Department. McKenzie continued,

> If the March 20, 2013 fee waiver orders in those 14 cases are not vacated, the total projected lost fees to the end of each of the 14 probationary terms is $41,156.00. With regard to the total of improperly waived probation supervision fees in all 82 cases, the Department has the potential for losing over $197,000.00 in income.

We find that the Department has a unique and individualized interest in the matters at issue and, consequently, that the Department has standing to seek this mandamus relief.

## IV. Source and Limits of Trial Court's Authority as it Relates to Community Supervision

This case requires that we determine whether a district court in Texas has the authority to eliminate, sua sponte, a condition of community supervision, i.e., payment of a statutorily mandated supervision fee.

The district courts have no inherent authority to grant or order community supervision. *Busby v. State*, 984 S.W.2d 627, 628 (Tex. Crim. App. 1998) (citing *Lee v. State*, 516 S.W.2d 151, 152 (Tex. Crim. App. 1974)). Rather, the district court's authority is derived from the Texas Constitution and from enabling legislation. *Id.* The Texas Constitution states, "The

5

Courts of the State of Texas having original jurisdiction of criminal actions shall have the power, after conviction, to suspend the imposition or execution of sentence and to place the defendant upon probation and to reimpose such sentence, under such conditions as the Legislature may prescribe." TEX. CONST. art. IV, § 11A. This provision is not self-executing and was given effect through the enactment in 1947 of the Adult Probation and Parole Law. *Busby*, 984 S.W.2d at 628. Today, the Legislature's voluminous pronouncements governing community supervision are contained in Article 42.12 of the Texas Code of Criminal Procedure. With that background, we review the relevant community supervision statutes to determine whether the district court acted without authority.

### A. Relevant Statutory Provisions

With respect to the assessment and waiver of the supervision fee, Article 42.12, Section 19(a) states,

> (a)     Except as otherwise provided by this subsection, a judge granting community supervision *shall* fix a fee of not less than $25 and not more than $60 per month to be paid during the period of community supervision by the defendant to the court of original jurisdiction . . . . The judge may make payment of the fee a condition of granting or continuing the community supervision. The judge may waive or reduce the fee or suspend a monthly payment of the fee if the judge determines that payment of the fee would cause the defendant a significant financial hardship.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 19(a) (West Supp. 2013) (emphasis added). The trial court is to collect the fees mandated by Section 19(a), and, in turn, is to deposit the collected fees in a special fund established and maintained by the county treasury. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 19(b) (West Supp. 2013). The combined collections from all of the district

courts in a judicial district, together with any funding received from the Texas Department of Criminal Justice, Community Justice Assistance Division, are used to fund the Community Supervision and Corrections Department(s) that serve that judicial district. *See* TEX. GOV'T CODE ANN. § 76.001–.011 (West 2013 & Supp. 2013), § 493.003 (West 2012).

### B. Waiver of Supervision Fees

The trial court assessed the fee mandated by Article 42.12, Section 19(a) of the Texas Code of Criminal Procerdure as a condition of community supervision in each of the fourteen cases relevant to this proceeding. At issue is the trial court's waiver or suspension of those assessments. In that regard, Section 19(a) states, "The judge may waive or reduce the fee or suspend a monthly payment of the fee if the judge determines that payment of the fee would cause the defendant a significant financial hardship." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 19(a).

The trial court made no determination in any of these cases that payment of the monthly fee would cause the defendants significant financial hardship. In fact, the court received no evidence during the March 20 proceeding on which such a determination could be based. Rather, the court clearly announced in open court that payment of the fee was suspended as a "benefit" to each defendant for "showing up" at the review hearing.

In its response, the district court does not address the merits of the Department's claim that the court was without authority to suspend payment of the fees. Instead, the response simply points out that, after the mandamus petition was filed, the court ruled on all of the Department's

motions to vacate; all of the motions were denied. While it is true that these rulings render moot the Department's complaint concerning the court's failure to rule, the Department's primary complaint is that the trial court lacked the legal authority to enter the suspension orders, which is not addressed by the trial court's denial of the Department's motions to vacate.

In its orders denying the motions to vacate, the district court references Article 42.12, Section 11(a) of the Texas Code of Criminal Procedure, which generally authorizes a trial court, "at any time during the period of community supervision, [to] alter or modify the conditions [of community supervision]." *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a) (West Supp. 2013). Although Section 11(a) does authorize the trial court to alter or modify conditions of community supervision, Section 19(a) limits that power as it relates to alteration or modification of the condition requiring payment of the supervision fee. Specifically, Section 19(a) requires the court to determine "that payment of the fee would cause the defendant a significant financial hardship." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 19(a).

In an effort to show compliance with Section 19(a)—notwithstanding the contention that Section 19(a) is inapplicable to a trial court's decision to modify a previously imposed condition of community supervision—Judge Tittle's orders denying the Department's motions to vacate state, "[I]n most all of the instant cases, there is an affidavit of indigency in which this Court has determined that each defendant is indigent." We first note that there are no affidavits of indigence contained in the mandamus record before this Court. However, even if such documents were included in the record, an indigence finding as it relates to the defendant's ability to afford competent legal representation does not necessarily equate to a finding that

8

payment of a monthly supervision fee while on community supervision would be a significant financial hardship for a defendant. The fact that the trial court imposed payment of the fee as a condition of community supervision in these cases notwithstanding its findings of indigence should serve to illustrate this point.

Trial courts have a great deal of discretion in community supervision-related decisions. However, that discretion is not unfettered and must be exercised within the bounds established by the Legislature. Here, the trial court waived or suspended payment of a statutorily mandated community supervision fee in fourteen cases without first making the determination required by Article 42.12, Section 19(a) of the Texas Code of Criminal Procedure as a condition precedent to waiver of such payment. The orders waiving payment of the fees were entered in contravention of the requirements of the Code of Criminal Procedure, which constitutes an abuse of discretion. The Department has no adequate remedy by appeal.[4] Although the Department has a justiciable interest in the orders rendered by the trial court, the Department could not appeal the orders. Any appeal would have to be made by the State,[5] and this waiver of supervision fees does not appear to fall into any of the specific instances of State-authorized appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01 (West Supp. 2013).

---

[4]While the Department has no adequate remedy by appeal, the law allows a community supervision department to assess reasonable administrative fees of not less than $25.00 and not more than $60.00 per month for persons participating in department programs who are not paying a monthly fee under Article 42.12, Section 19 of the Texas Code of Criminal Procedure. TEX. GOVT. CODE ANN. art. 76.015(c) (West 2013).

[5]The petition filed in this matter indicates that the State of Texas, through its representative, the Hunt County District Attorney, joined the Department's petition.

9

We conditionally grant the writ of mandamus and direct the trial court to vacate its orders waiving the supervision fees of the defendants listed as real parties in interest in the Relator's petition. As we are confident the trial court will comply, the writ will issue only if the trial court fails to do so.

Jack Carter
Justice

Date Submitted:    May 22, 2014
Date Decided:    May 23, 2014