**Ex parte Ralph Earl JONES.**

**No. 43687.**

Court of Criminal Appeals of Texas.

Dec. 9, 1970.

------◆------

Buddy Stevens, Houston, for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from an order denying relief in a habeas corpus proceedings in which the appellant seeks release on bail. Appellant particularly seeks a determination of his right to bail pending a hearing on the State's motion to revoke probation.

The record before us consists in large part of a colloquy between the court and the attorneys.

It appears the appellant was convicted on June 12, 1967, and placed on probation for 10 years. The nature of such conviction is not revealed by this record.

On November 12, 1969, the appellant was arrested for the offenses of robbery by assault and assault to murder alleged to have occurred on October 27, 1969. On the date of arrest he was released on bail. On January 30, 1970, he was arrested and charged with seven offenses of robbery by assault and two offenses of assault to murder growing out of the same transaction which allegedly occurred that day.

On February 2, 1970, the appellant was indicted in Cause Nos. 146,156 and 146,157 for offenses of assault to murder and robbery which allegedly occurred on October 27, 1969.

On March 17, 1970, he was indicted for the nine offenses which allegedly occurred on January 30, 1970.

On April 17, 1970, the appellant made bail in the 11 cases pending against him and was released on bonds totaling $36,000.

Affidavits of surrender were filed by sureties on the bonds of $2,500 and $10,000 in said Cause Nos. 146,156 and 146,157. Capiases were issued and were executed on August 14, 1970.

On September 2, 1970, a motion to revoke probation was filed for the first time. Bail was not permitted in such proceedings. The motion is not in the record before us but it appears to be based on the commission of the offenses for which the appellant has been indicted since being granted probation.

The application for writ of habeas corpus was filed on October 19, 1970, and heard on October 23, 1970.

Appellant acknowledges he is not entitled to release until he has again made bail in Cause Nos. 146,156 and 146,157 and he does not make any claim that the amount of bail set is excessive. In this respect he admits the trial court's ruling is correct. Nevertheless, he claims he is entitled to a determination of his right to bail pending a hearing on the State's motion to revoke probation.

Appellant relies upon Article I, Sec. 11 of the Texas Constitution which provides:

"All prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident; but this provision shall not be so construed as to prevent bail after indictment found upon examination of the evidence, in such manner as may be prescribed by law."

He also cites Article 42.12, Sec. 8, Vernon's Ann.C.C.P., which reads:

"At any time during the period of probation the court may issue a warrant for violation of any of the conditions of the probation and cause the defendant to be arrested. Any probation officer, police officer or other officer with power of arrest may arrest such defendant without a warrant upon the order of the judge of such court to be noted on the docket of the court. A probationer so arrested may be detained in the county jail or other appropriate place of detention until he can be taken before the court. Such officer shall forthwith report such arrest and detention to such court. Thereupon, the court shall cause the defendant to be brought before it and after a hearing without a jury, may either continue or revoke the probation and, if probation is revoked, shall proceed to dispose of the case as if there had been no probation.

"Any probationer who removes himself from the State of Texas without permission of the court having jurisdiction of the case, shall be deemed and considered a fugitive from justice and shall be subject to extradition as now provided by law. No part of the time that the defendant is on probation shall be considered as any part of the time that he shall be sentenced to serve. The right of the probationer to appeal to the Court of Criminal Appeals for a review of the trial and conviction, as provided by law, shall be accorded the probationer at the time he is placed on probation. When he is notified that his probation is re-voked for a violation of the conditions of probation and he is called on to serve a sentence in a jail or in an institution operated by the Department of Corrections, he may appeal the revocation."

It is appellant's contention that if the foregoing statute "is used as a guideline with regard to the pre-hearing detention, then it is obvious that a citizen's constitutional right as guaranteed him in the Texas Constitution under Article I, Section 11, could be violated."

Attorney General's Opinion No. V–1411 (1952) in considering the question before us concluded that persons arrested for violation of probation had no absolute right to make bond pending a determination by the court as to the revocation of probation but the court in its discretion could permit the probationer to make bond. Such opinion was bottomed upon Article 781b, V.A.C.C.P., 1947, Section 5 then in effect, particularly Section 5 thereof which was the forerunner of Section 8 of Article 42.12, supra. The opinion also relied upon Wilson v. State, 156 Tex.Cr.R. 228, 240 S.W.2d 774, as to the contractual relationship between the probationer and the court. The provisions of the Texas Constitution were not mentioned.

In Jones v. State, 159 Tex.Cr.R. 24, 261 S.W.2d 317, this court dealt with the authority of a trial court to revoke probation during vacation. As dicta the court said, referring to the probationer: "He is not entitled to bail as a matter of right prior to the hearing and may be confined until such time as he is carried before the court for hearing on revocation."

Here again no mention of the state constitutional provisions was made.

There can be no question but what the Adult Probation law (Article 42.12, supra) contemplates a speedy hearing on the motion to revoke probation after the arrest of the probationer for alleged violation and the Act is silent as to the right to bail pending a hearing.

When a person is convicted and placed on probation subject to certain conditions the imposition of the sentence is suspended and the probationer released. While such probationer retains the right to appeal at this point, Article 42.12, Sec. 8, supra, and Article 42.04, V.A.C.C.P., the failure to so appeal constitutes a waiver of the right, Hoskins v. State, Tex.Cr.App., 425 S.W.2d 825, 828, and cases there cited, at least where the right is first asserted after revocation.

In Ex Parte McBride, 108 Tex.Cr.R. 618, 2 S.W.2d 267, the punishment was assessed at 45 years and bail was denied pending appeal on the basis of then Article 815 (now Article 44.04, V.A.C.C.P.). There this court said:

"The provisions of section 11 of article 1 of our Constitution, which are referred to and invoked by relator, in our opinion, have no application. The statement therein that 'all prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident,' etc., has reference to prisoners before conviction. Prisoners after conviction are not guaranteed the right of bail. Ex parte Ezell, 40 Tex. 451, 19 Am.Rep. 32; Ex parte Schwartz, 2 Tex.App. 74; Warnock v. State, 6 Tex.App. 450; Ex parte McCorkle, 29 Tex.App. 20, 13 S.W. 991." See also Ex parte Nielssen v. State, 446 S.W.2d 882.

It is interesting to note that in both the McBride and Neilssen cases the denial of bail was after conviction although by notice of appeal the judgment had not yet become final.

By the same reasoning Article I, Sec. 11, of our state Constitution has no application to a probationer detained without bail pending a hearing on the State's

motion to revoke probation under the circumstances here presented.

The petitioner is thus not entitled to bail as a matter of right pending a hearing on the State's motion to revoke probation, and that for this reason and the failure to post bonds in said Cause Nos. 146,156 and 146,157 the court did not err in denying relief in the habeas corpus proceedings.[1]

We can understand appellant's concern that the State permitted him to make bonds in the amount of $36,000 through professional bondsmen before filing the motion to revoke probation, but such action does not call for a different result.

For the reasons stated, the judgment is affirmed.

---

1. It is observed that in the tentative draft of "Standards Relating To Probation," American Bar Association Project On Standards For Criminal Justice, Section 5.3 reads in part: " * * * upon a showing of probable cause that another crime has been committed by the probationer, the probation court should have discretionary authority to detain the probationer without bail pending a determination of the new criminal charge."