**Ex parte R. G. SMITH.**

**No. 46924.**

Court of Criminal Appeals of Texas.

May 9, 1973.

Robert A. Valdez, San Antonio, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is a habeas corpus proceeding. The question presented: Is one entitled to bail pending a hearing in revocation of probation in a misdemeanor case?

On July 26, 1971, Smith was convicted in County Court of Parker County for the offense of defrauding with a worthless check. His punishment of one year's confinement in the county jail was probated. On May 2, 1972, a motion to revoke probation was filed alleging that he had violated the terms of probation for failing to report to the probation officer. On May 18, 1972, a capias for the arrest of Smith was issued, but he was not arrested until March 23, 1973.

The question concerning right to bail in a misdemeanor case pending revocation of probation proceedings has not been decided by this Court.

Ex parte Jones, Tex.Cr.App., 460 S.W.2d 428, held that under the circumstances of that case a probationer was not entitled to bail pending revocation proceedings in a felony case. It also noted that Article 1, Section 11 of the Texas Constitution, providing for bail, applied only where there had been no conviction. A judgment had been entered in that case. No judgment is entered where probation is granted in a misdemeanor case.

Article 42.13, Section 4(a), Vernon's Ann.C.C.P., provides:

"When a defendant is granted probation under the terms of this Act, the finding of guilty does not become final, nor may the court render judgment thereon, . . ."[1]

The reasons for holding a probationer in jail pending a revocation hearing in a misdemeanor case are not as compelling as those in a felony case. See the circumstances of Ex parte Jones, supra. Ordinarily, those charged with misdemeanors do not present the threat to people and property as those charged with felonies. The need for their detention is not so great. In some instances one could be detained pending a hearing for a longer period than his term of probation.

We hold that in misdemeanor cases a probationer is entitled to reasonable bail pending revocation proceedings.

The application for writ of habeas corpus and the relief sought are granted. The applicant shall be entitled to the bail heretofore granted pending the revocation proceedings in the trial court.

It is so ordered.

1. A question has been raised about the right to revoke after the expiration of his term of probation. The efforts of law enforcement officers to arrest him before such expiration do not appear in the record. See Stover v. State, Tex.Cr.App., 365 S.W.2d 808. Such matters may be raised on appeal and not by habeas corpus, and therefore, will not be considered in this opinion.