Terry Alan **WATKINS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 12–93–00291–CR.

Court of Appeals of Texas,
Tyler.

Aug. 22, 1994.

**378**

John Heath, Nacogdoches, for appellant.

Elmer C. Beckworth, Asst. Dist. Atty., Rusk, for appellee.

BILL BASS, Justice.

This is an appeal from the trial court's order denying habeas corpus relief to Appellant Terry Alan Watkins. Watkins had petitioned the trial court to set reasonable bail pending appeal of his murder conviction. The trial court denied Watkins' petition for writ of habeas corpus on grounds that the court did not have jurisdiction and, alternatively, that Watkins was not entitled to bail under the evidence before it. We will affirm the trial court's judgment.

Watkins was convicted of the capital offense of murder for remuneration and sentenced to life. On appeal, we held that the evidence was insufficient that Watkins murdered for remuneration, reversed the capital murder conviction, and ordered a judgment of acquittal. On the State's motion for rehearing, we reformed the judgment of the trial court to reflect Appellant's conviction of murder and remanded the cause for punishment only. *Watkins v. State,* 880 S.W.2d 16 (Tex.App.—Tyler, 1993, pet. ref'd) (*withdrawing original opinion delivered May 28, 1993* ).

Under the CODE OF CRIMINAL PROCEDURE, Watkins was ineligible for bail pending appeal since his punishment exceeded 15 years confinement. TEX.CODE CRIM.PROC.ANN. art.

44.04(b) (Vernon Supp.1994). However, once we reformed his capital murder conviction and ordered re-sentencing for the offense of non-capital murder, his automatic ineligibility for bail arguably disappeared. In his application for writ of habeas corpus, Watkins sought to have the trial court set reasonable bail. The court denied relief to Watkins on grounds that it did not have jurisdiction to set bail while the case was before the court of appeals. Alternatively, the court concluded that even if it had jurisdiction to set bail, the record reflected the existence of good cause to deny bail. Watkins appeals the trial court's denial of his application for writ of habeas corpus.

In his only point of error, Watkins complains that the trial court erred in not granting him a reasonable bail pending appeal. Since Watkins perfected his appeal, we have overruled his motion for rehearing, the Texas Court of Criminal Appeals has refused Watkins' petition for discretionary review, and we have issued the mandate to the trial court below. Therefore, Watkins' complaint that he is entitled to bail pending appeal is moot since his conviction is no longer on appeal.

Furthermore, Watkins asserts that the trial court should have set reasonable bail pending re-sentencing. Watkins cites no authority for the proposition that he is entitled to bail during the period between the guilt/innocence and punishment phases of trial. We have found no cases that address the issue of bail pending sentencing.

The right to bail under the TEXAS CONSTITUTION applies only to prisoners prior to conviction. *Ex parte Laday,* 594 S.W.2d 102, 103 (Tex.Cr.App.1980) (where "conviction" does not necessarily embrace the sentence, but simply means the verdict of conviction and the judgment on the verdict). In an analogous context, the Court of Criminal Appeals has held that a probationer is not entitled to bail pending his probation revocation proceeding.[1] However, a defendant so situated may be admitted to bail by the court in the exercise of its discretion. *Ex parte*

---

1. *Ex parte Ainsworth,* 532 S.W.2d 640, 641 (Tex. Cr.App.1976); *Valdez v. State,* 508 S.W.2d 842, 843 (Tex.Cr.App.1973); *Ex parte Jones,* 460 S.W.2d 428, 431 (Tex.Cr.App.1970); *but see Ex*

parte *Smith,* 493 S.W.2d 958, 959 (Tex.Cr.App. 1973) (a probationer is entitled to reasonable bail pending probation revocation proceedings in misdemeanor cases).

*Ainsworth,* 532 S.W.2d 640, 641 (Tex.Cr.App. 1976).

■ As with an appellant whose case has been remanded for sentencing, assessing probation does not change the fact that a defendant has been convicted of an offense. *Clapper v. State,* 562 S.W.2d 250, 251–52 (Tex.Cr.App.1978). Following our decision to order a new trial on sentencing, Watkins remains convicted of murder; our judgment did not alter that. We conclude that he does not have a right to bail pending the new trial on sentencing, but may be granted bail at the court's discretion. Watkins' point of error is overruled.

The judgment of the trial court is **affirmed.**

C. HOLCOMB, J., not participating.