COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-428-CR

 

 

EX PARTE 

 

QUILLENS EDWIN
STEVENS, JR.                                                            

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Quillens Edwin
Stevens, Jr. appeals from the trial court=s November 20, 2006 denial of relief on his application for writ of
habeas corpus seeking a bond reduction pending appeal of his conviction and
sentence under article 44.04(d) of the Texas Code of Criminal Procedure.[2]








Article 44.04(d) provides
that a postconviction bond may be increased or decreased Apending determination of any motion for new trial or pending final
determination of the appeal.@[3]  This court affirmed Appellant=s conviction and sentence on August 3, 2006,[4]
and the Texas Court of Criminal Appeals refused Appellant=s petition for review on November 1, 2006 and finally disposed of the
case on December 11, 2006.  There is
therefore no pending appeal on Appellant=s conviction and sentence. 
Accordingly, we dismiss this appeal as moot.[5]

 

PER CURIAM

PANEL F:    DAUPHINOT,
LIVINGSTON, and HOLMAN, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
February 8, 2007











[1]See Tex. R.
App. P. 47.4.





[2]Tex. Code
Crim. Proc. Ann. art.
44.04(d) (Vernon 2006).





[3]Id.





[4]See Stevens v. State, No. 02-06-00020-CR, 2006 WL
2190722, at *2 (Tex. App.CFort Worth Aug. 3, 2006, pet. ref=d).





[5]See Watkins v. State, 883 S.W.2d 377, 378 (Tex. App.CTyler 1994, no pet.); see also
Martinez v. State, 826 S.W.2d 620, 620 (Tex. Crim. App. 1992) (holding that
conviction rendered moot a complaint regarding pretrial bail).