COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-428-CR

EX PARTE 

QUILLENS EDWIN STEVENS, JR. 

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Quillens Edwin Stevens, Jr. appeals from the trial court’s November 20, 2006 denial of relief on his application for writ of habeas corpus seeking a bond reduction pending appeal of his conviction and sentence under article 44.04(d) of the Texas Code of Criminal Procedure.
(footnote: 2)
 Article 44.04(d) provides that a postconviction bond may be increased or decreased “pending determination of any motion for new trial or pending final determination of the appeal.”
(footnote: 3)  This court affirmed Appellant’s conviction and sentence on August 3, 2006,
(footnote: 4) and the Texas Court of Criminal Appeals refused Appellant’s petition for review on November 1, 2006 and finally disposed of the case on December 11, 2006.  There is therefore no pending appeal on Appellant’s conviction and sentence.  Accordingly, we dismiss this appeal as moot.
(footnote: 5)

PER CURIAM

PANEL F: DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 8, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Tex. Code Crim. Proc. Ann.
 art. 44.04(d) (Vernon 2006).

3:
Id.

4:
See Stevens v. State
, No. 02-06-00020-CR, 2006 WL 2190722, at *2 (Tex. App.—Fort Worth Aug. 3, 2006, pet. ref’d).

5:
See Watkins v. State
, 883 S.W.2d 377, 378 (Tex. App.—Tyler 1994, no pet.); 
see
 
also Martinez v. State
, 826 S.W.2d 620, 620 (Tex. Crim. App. 1992) (holding that conviction rendered moot a complaint regarding pretrial bail).