

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0882-08

---

### RUDY GONZALES, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### JACKSON COUNTY

---

**HOLCOMB, J.,** *delivered the opinion for a unanimous Court.*

### O P I N I O N

In this case, we must determine whether appellant's 1987 offense was a final conviction for

enhancement purposes. We hold that it was and reverse the judgment of the court of appeals.

*Background*

Appellant Rudy Gonzales was charged with the felony offense of driving while intoxicated

(DWI).[1] The indictment alleged that appellant committed the DWI offense on or about February 16,

2002, and that he had previously been convicted of DWI on November 23, 1987, and January 18,

---

[1]*See* TEX. PEN. CODE §§ 49.04 & 49.09(b)(2).

2000. At a pre-trial hearing, on February 7, 2005, appellant moved to quash the indictment, arguing that his 1987 conviction was too remote, under *Getts v. State*, 155 S.W.3d 153 (Tex. Crim. App. 2005), to be used to enhance the present conviction because more than ten years had passed between 1989 (when his two-year term of community supervision for the 1987 DWI offense was supposed to expire) and 2000 (when he was convicted for the second DWI offense). The trial court overruled the motion on the ground that appellant was not actually discharged from community supervision until 1991, and that the 1991 date of discharge was within the ten-year period of appellant's second conviction in 2000.[2] In the trial that followed, the jury convicted appellant of felony DWI, assessed his punishment at six years' imprisonment and a $5,000 fine, but recommended that the trial court suspend both the fine and the confinement, and place appellant on community supervision. The trial court followed the jury's recommendations, and placed appellant on community supervision for a period of ten years.

On direct appeal, appellant raised two issues, only one of which is relevant to our present review: that the trial court erred in permitting his 1987 conviction to be used to enhance the present offense to felony DWI because that conviction was too remote for such purposes. The court of appeals declined to reach this issue, however, in light of its own conclusion that "the 1987 offense was not a final conviction and could not be used to enhance the current offense to a felony offense."

---

[2]On November 23, 1987, appellant was convicted of DWI and placed on community supervision for two years. On November 21, 1989, the State filed a motion to revoke appellant's community supervision. The trial court granted the motion and issued a capias for appellant's arrest for a hearing on the revocation of his community supervision. For reasons not indicated in the record, however, the capias was never served and the revocation hearing never took place. On July 12, 1991, the State filed a motion to dismiss its earlier motion to revoke appellant's community supervision. The trial court granted this motion and, on July 24, 1991, issued an order discharging appellant from community supervision.

*Gonzales v. State*, No. 13-05-132-CR, 2008 Tex. App. LEXIS 2326, at *1-2 (Tex. App.— Corpus Christi, April 3, 2008) (not designated for publication). We granted the State's petition for discretionary review to consider the following issues: whether the court of appeals erred in (1) "concluding that the evidence was insufficient to sustain respondent's conviction for driving while intoxicated"; (2) "effectively concluding that the written statement of a county judge in a judgment effectively overrules an act of the Legislature"; (3) "concluding that a judgment of the county court of Colorado County, Texas, which stated that 'the court having heard the information read and the evidence submitted thereon, it is considered and adjudged by the court that the defendant is guilty as charged in the information' did not contain an adjudication of guilt"; and (4) "concluding that respondent's conviction in the county court of Colorado County, Texas[,] was unavailable for enhancement purposes because it was not a final conviction."[3]

## *Discussion*

The court of appeals concluded that the trial court's judgment in 1987 did not render a final conviction, and therefore it could not be used to enhance appellant's present offense to a felony offense. *Gonzales*, 2008 Tex. App. LEXIS at *1-2. In reaching this conclusion, the court of appeals focused on the following paragraph in the trial court's judgment for appellant's 1987 DWI conviction: "'IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED that the finding of guilty herein *shall not be final, that no judgment be rendered thereon,* and that Defendant be, and

---

[3]Depending on our decision regarding appellant's 1987 conviction, the State also asked us to consider whether the court of appeals erred in (5) "concluding that it had no authority to reform the judgment to reflect conviction of respondent on a lesser-included offense because the jury charge did not authorize respondent's conviction for the lesser-included offense of misdemeanor DWI with one prior conviction," and (6) "ordering a judgment of acquittal in this case." In light of our disposition of the case, however, we need not reach these issues.

is hereby placed on probation in this cause for a period of two years.'" *Id.* at *10 (emphasis in original). The court of appeals then reasoned as follows,

> In *State v. Kindred,* 773 S.W.2d 766, 767-68 (Tex. App.-Corpus Christi 1989, no pet.), this Court, relying on *Savant v. State,* 535 S.W.2d 190, 191-92 (Tex. Crim. App. 1976), held that instruments containing exactly the same language "(did) not contain adjudications of guilt, and therefore, (were) not judgments." The language at issue in *Kindred*--and the language in the purported judgment here--is very similar to the language that the court of criminal appeals found insufficient to constitute a judgment in *Savant.* The court of criminal appeals held that because the instrument did not contain an adjudication of guilt, it was not a judgment.

*Id.* (additional citations omitted). The court of appeals further noted that "[t]he language in appellant's 1987 purported judgment [was] identical to the language [it had] found insufficient to constitute a judgment in *Kindred*." *Id.* at *12. In light of the above reasoning, the court of appeals held that "the instrument offered by the State [in the present case] to establish appellant's 1987 prior conviction [was] insufficient to constitute a judgment," that the State had thus "failed to carry its burden of establishing two prior convictions," and that "the evidence [was therefore] insufficient to support appellant's conviction for felony DWI." *Id.*

We disagree. The court of appeals relies on its own precedent, *Kindred*, which in turn relies on our decision in *Savant*. But *Savant* is not applicable to the present case, because it did not deal with the question of finality of a conviction. Our only concern in that case was whether the trial court's judgment comported with the statutory requirements of a valid judgment. *See* 535 S.W.2d at 191-92. As we noted, Section 1 of the then-existing Article 40.09 of the Code of Criminal Procedure required that a valid judgment must "contain the requisites of Art. 42.01" of the Code of Criminal Procedure, showing that the defendant was "'adjudged to be guilty of the offense as found by the jury,'" and that he "'be punished as ha[d] been determined.'" *Id.* at 191 (quoting from the

then-existing TEX. CODE CRIM. PROC. art. 42.01). We noted that the judgment in question in that case did not comply with these two statutory requirements, but "[i]n fact . . . contain[ed] language to the contrary." *Id.* We illustrated this point by quoting the relevant language from that judgment, to wit, "'It is therefore CONSIDERED, ORDERED and ADJUDGED that the Verdict and finding of guilty herein shall not be final, that no Judgment be rendered thereon.'" *Id.* at 191-92. In light of these observations, we concluded that the judgment in that case did not "comport" with the requirements of Articles 42.01 and 40.09 of the Code of Criminal procedure. *Id.* at 192.

In short, our decision in *Savant* was based on the fact that the judgment at issue did not meet the statutory requirements because it failed to mention that the defendant had been adjudged guilty and that he was to be punished as had been determined. In contrast, the judgment at issue in the present case contains both of these pre-requisites:

> [I]t is considered and adjudged by the Court that the Defendant is guilty as charged in the [indictment] of the offense of Driving While Intoxicated and [the Court] assesses his punishment at a fine of $500.00 and 30 days confinement in the Colorado County Jail, together with all costs in this behalf incurred.

The State focuses on the above paragraph, while the paragraph quoted by the court of appeals appears later in the judgment in question. But it is the paragraph in the middle of these two paragraphs that serves as a transition and, in effect, resolves the apparent inconsistency between the other two paragraphs. It is therefore important to read the relevant portion of the judgment in its entirety:

> [I]t is considered and adjudged by the Court that the Defendant is guilty as charged in the [indictment] of the offense of Driving While Intoxicated and [the Court] assesses his punishment at a fine of $500.00 and 30 days confinement in the Colorado County Jail, together with all costs in this behalf incurred.

> It appearing to the Court, however, that before this trial Defendant made application

> in writing and under oath to the Court for probation herein; and it further appearing to the Court that Defendant satisfies the requirements of the Misdemeanor Probation Law of Texas and that the ends of justice and the best interests of society and of the Defendant will be served by granting probation in this cause.
>
> IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED that the finding of guilty herein shall not be final, that no judgment be rendered thereon, and that Defendant be, and is hereby placed on probation in this cause for a period of two years from this date.

When read in context, the sense of each paragraph becomes quite clear. The first paragraph shows that the judgment is final. The middle paragraph then takes community supervision into consideration, whereby the third paragraph at issue in this case suspends the imposed sentence in favor of such community supervision. Thus, the words "the finding of guilty herein shall not be final, that no judgment be rendered thereon" in the judgment do not pertain to the finality of the conviction for enhancement purposes, but rather to the suspension of the sentence necessary to grant community supervision to appellant.

As our analysis shows, the court of appeals' conclusion that the 1987 judgment was not a final conviction conflicts with a plain reading of the instrument itself. In fact, it also conflicts with the law in effect at the time that the instrument was issued. As the then-existing Article 6701*l*-1 of the Revised Statutes stated, "For the purposes of this article, a conviction for an offense that occurs on or after January 1, 1984, is a final conviction, whether or not the sentence for the conviction is probated." *See* Driving While Intoxicated Act (S.B. 1), 68th Leg., R.S., ch. 303, §3(h), 1983 Tex. Gen. Laws 1568, 1576, *repealed by* the Acts of 1993 (S.B. 1067), 73rd Leg., R.S., ch. 900, §1.15, 1993 Tex. Gen. Laws 3586, 3704. *See also Ex parte Serrato*, 3 S.W.3d 41, 43 (Tex. Crim. App. 1999) (concluding that, "by incorporating the prior DWI statute, as that law existed before enactment of the new statute, the Legislature declared its intent to continue the status quo, which included

permitting probated DWI convictions for enhancement if the offense occurred after January 1, 1984.").[4]

For the foregoing reasons, we hold that the court of appeals erred in holding that appellant's 1987 offense was not a final conviction for enhancement purposes, *Gonzales*, 2008 Tex. App. LEXIS at *1-2, and that the evidence was therefore insufficient to support appellant's conviction for felony DWI in the present case. *Id.* at *12. In light of our decision, we do not reach the other issues raised by the State.

*Conclusion*

The court of appeals erred in holding that appellant's 1987 offense was not a final conviction and could therefore not be used to enhance the present offense. We, therefore, remand the case to that court to consider the two issues – possible remoteness of the 1987 conviction and the admissibility of the State's allegedly "highly prejudicial hypothetical question" at trial – that appellant raised on appeal.

---

[4]The State argues that the problem in the present case arises from the "negligent use of an outdated judgment form." State's Br. at 12. We are aware that the law on even requiring a judgment in misdemeanor DWI cases, as well as on the finality of such convictions when the law did begin to require judgments in such cases, has changed significantly over the years, and that some trial courts have had a difficulty keeping abreast of these changes. *See, e.g., Gibson v. State*, No. 05-99-01309-CR, 2000 Tex. App. LEXIS 6921 (Tex. App.— Dallas, October 13, 2000) (not designated for publication), for a good discussion of this problem. The cases discussing this problem, however, quote only the disputed paragraph in the judgment. Thus, there is no way for us to know whether there might have been other paragraphs in the judgments at issue in those cases that might have helped resolve the problem created by the disputed paragraph. Although the disputed paragraph in the judgment at issue in the present case could certainly have been worded more clearly, the problem it created is easily resolved when it is read in its proper context. In light of this resolution, we find it unnecessary to discuss the matter any further except to note that the State's argument regarding the possible use of an outdated judgment form might have some merit.

DELIVERED: APRIL 28, 2010

PUBLISH