02-10-039-CR















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00039-CR 

 

 


 
 
 Danny Dale Posey
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM County Criminal Court No. 2
OF Denton COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

Appellant
Danny Dale Posey appeals his conviction and sentence for driving while
intoxicated (DWI).  We reverse and remand
for a new punishment hearing.

          Appellant pled guilty to an
information charging him with class B misdemeanor DWI, and he pled “not true” to
an alleged prior DWI conviction that, if proved, raised the offense level to
class A.  See Tex. Penal Code Ann. § 49.04(a) (Vernon 2003), § 49.09(a)
(Vernon Supp. 2010).

          At his bench trial, Appellant objected
to State’s Exhibit 2, which the State offered to prove the prior conviction.  He argued that State’s Exhibit 2 was not
relevant because it did not link him to the conviction the State had alleged
and that there was no evidence it represented a final conviction.  State’s Exhibit 2 is two pages of certified
copies of records from the Bell County Sheriff’s Department.  The first page is a fingerprint card, and the
second is a form containing typed identification information related to a DWI
offense.  The trial court admitted
State’s Exhibit 2 over Appellant’s objections.

          After closing arguments, the trial
court found Appellant guilty, found the State’s enhancement allegation true,
and sentenced Appellant to 365 days’ confinement––the maximum for a class A misdemeanor.

          In three related points, Appellant
contends that the trial court committed reversible error by (1) admitting
State’s Exhibit 2, (2) finding the enhancement allegation true, and (3) finding
that State’s Exhibit 2 is evidence of a valid conviction for purposes of
enhancement.  Because Appellant’s third
point is dispositive, we need not address the other two.

Validity of the Conviction Alleged for
Enhancement

          In Appellant’s third point he contends
that the prior conviction alleged by the State was invalid for enhancement
purposes.

          Normally, DWI is a class B misdemeanor.  Tex. Penal Code Ann.
§ 49.04(b) (Vernon 2003). 
Under section 49.09(a), however, a DWI may be enhanced to a class A misdemeanor if it is shown on the trial of the offense
that the person has previously been convicted one time of an “offense relating
to the operating of a motor vehicle while intoxicated.”  Tex. Penal Code Ann. §
49.09(a) (Vernon Supp. 2010). 
Subsection (c)(1)(D) defines “offense related to the operating of a
motor vehicle while intoxicated” as “an offense under Article 6701l–2, Revised
Statutes, as that law existed before January 1, 1984.”  Id.
(c)(1)(D).  The
alleged prior offense was in 1976. 
Article 6701l was the DWI statute in effect at the time.

          Appellant argues that the evidence
offered by the State to enhance his offense to a class A misdemeanor did not
show a final, valid conviction for enhancement purposes because under the law
at the time Appellant was placed on probation, a misdemeanor probationer’s
conviction was not final––and therefore valid for enhancement purposes––unless
that probation was revoked.

          The State concedes that, “until 1979,
if a jury or the court determined that a misdemeanor defendant should be placed
on probation, the finding of guilt would not become final and no judgment would
be rendered unless the probation was revoked.”  See Taylor v. State, 549 S.W.2d 722, 724
(Tex. Crim. App. 1977) (holding that under former article governing misdemeanor
probation, after a trial court grants probation, a finding of guilt does not become
final and a trial court may not render judgment unless the probation is
revoked); Ex parte Smith, 493 S.W.2d
958, 959 (Tex. Crim. App. 1973) (noting that under former statute governing
misdemeanor probation, no judgment is entered where probation is granted in a
misdemeanor case).  Here, there is no
judgment in evidence to show that Appellant’s 1976 DWI conviction had become
final nor is there any evidence that Appellant’s probation for that offense was
ever revoked.  Thus, there is no evidence
in the record that Appellant’s conviction for the 1976 DWI was final.  Accordingly, we hold that under the law that
existed before January 1, 1984, Appellant’s 1976 probation for DWI is invalid
for enhancement purposes.  See Taylor, 549 S.W.2d at 725 (noting
that the court had previously held that judgments and sentences entered in
misdemeanor cases prior to revocation were nullities); Nixon v. State, 153 S.W.3d 550, 552 (Tex. App.––Amarillo 2004, pet.
ref’d); cf. Gonzales v. State, 309
S.W.3d 48, 52 (Tex. Crim. App. 2010) (analyzing a 1987 judgment under law that
a conviction for an offense occurring on or after January 1, 1984, is final
whether or not probated); Ex parte
Serrato, 3 S.W.3d 41, 43 (Tex. Crim. App. 1999) (concluding that, “by
incorporating the prior DWI statute, as that law existed before enactment of
the new statute, the Legislature declared its intent to continue the status
quo, which included permitting probated DWI convictions for enhancement if the
offense occurred after January 1, 1984.”
 (emphasis
added)).

          But for the enhancement with an
invalid prior conviction, Appellant would have been subjected to the range of
punishment only for a class B misdemeanor. 
Because he was sentenced to the maximum for a class A
misdemeanor, he was harmed by the trial court’s error.  We sustain Appellant’s third point, reverse
the judgment, and remand the case to the trial court for a new punishment
hearing consistent with this opinion.

          

LEE GABRIEL
JUSTICE

 

PANEL:  McCOY, MEIER, and
GABRIEL, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 23, 2010











          [1]See Tex. R. App. P. 47.4.